

# Missouri Court of Appeals

### Southern District

### Division One

KEVIN JOHNSON, )
              )
    Claimant-Appellant/Cross Respondent, )
              )
    vs. )     No. SD32936 & 32958
              )
CITY OF CARTHAGE, )     **Filed: April 23, 2014**
              )
    Employer-Respondent/Cross Appellant. )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

**<u>AFFIRMED</u>**.

Kevin Johnson ("Employee") suffered an injury to his front tooth during his employment with City of Carthage ("Employer"). He was awarded workers' compensation benefits in the amount of $770.00 for past medical expenses, 1.25 weeks of permanent partial disability, future medical care, and $770.00 for disfigurement from Employer. Both Employer and Employee appeal the award—Employee claiming he should have been awarded a future disfigurement award equal to the cost of his crown and Employer claiming that no award for disfigurement should have been made. We affirm the judgment.

1

Our standard of review is set forth in section 287.495.1,[1] which provides:

The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
(1) That the commission acted without or in excess of its powers;
(2) That the award was procured by fraud;
(3) That the facts found by the commission do not support the award;
(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

Employer challenges the grant of any award for disfigurement. Its argument claims the Commission acted without or in excess of its powers because the disfigurement award is "duplicative" in that neither the statute nor the regulations allows for such an award. The Commission found:

Claimant has also sought disfigurement for the loss of his tooth. Disfigurement is another distinct and separate benefit under the law. §287.190.4 of the Missouri workers' compensation statute provides for up to 40 weeks of disfigurement when an injured employee is seriously and permanently disfigured about the head, neck, hands, or arms. Additionally, dental injuries are specifically shown as falling within the provisions of that section under the Missouri Code of State Regulations, specifically 8 CSR 50-5.0 10, which provides that disfigurement shall be allowed for the loss of a front tooth, the specific injury in this case, in an amount sufficient to cover the reasonable cost of artificial teeth. Employer/self-insured argue[s] that claimant is not entitled to both disfigurement and future medical benefits. There is nothing within the statute nor any case decision which supports that assertion. It is clear that Missouri workers' compensation has many distinct and separate benefits. In this case the benefits that result from claimant's injury include permanent partial disability, medical benefits for the past dental care, future medical care for future dental needs, and disfigurement. Those benefits are required under separate sections of the statute. There is nothing within the statute, nor is there any case decision, that would exempt employer/self-insurer from providing any one of those benefits to the exclusion of any other benefit which employer/insurers are required to provide under the law. It appears that the employer/self-insured's argument is simply that the amount that the regulation requires for disfigurement would equate to the amount which would be required for future or past medical care and should exclude one of the other benefits to be provided to an injured worker. That assertion is not supported under Missouri law. Indeed, even the case cited by employer/self-insured, a Missouri Labor and Industrial Relations decision, does

---

[1] All references to statutes are to RSMo 2000, unless otherwise specified.

not support its position. That case, *Lopez-Cepero v. Famous Barr*, injury number 93-031513 contained dicta regarding the issue of future medical care in conjunction with or to the exclusion of disfigurement. In that case, the Commission affirmed a decision of the administrative law judge allowing disfigurement which did not follow the specific amounts set out in the regulation for the cost of medical care or artificial teeth but instead allowed 35 weeks of disfigurement. The employer representative, Chris Wrigley, opined that future medical care and disfigurement were mutually exclusive. However, future medical care was not presented as an issue in that case, so that issue was not raised. The assertion of Commissioner Wrigley is merely dicta without the force and effect of law and does not relate to the actual issues in the case. No other statute or case was cited by either party regarding this issue. As a result, I find and conclude that claimant is entitled to disfigurement in the amount of $770.00, the cost of the treatment and artificial teeth (in this instance a cap) which has been provided to him by his parents who paid for such dental care.

The Commission did not err or exceed its powers in awarding disfigurement as the plain language of section 287.190.4, RSMo Cum. Supp. 2005, provides, in part, for "such additional sum . . . as it may deem just, but the sum shall not exceed forty weeks of compensation." The amount of $770.00 is less than forty weeks compensation and what the Commission found to be just. We find no error in the separate disfigurement award.

Employer further contends that to be entitled to disfigurement compensation, the award must be "akin to a scar which will not go away, permanent in nature[.]" To support that proposition, Employer cites section 287.190.4: "If an employee is seriously and permanently disfigured about the head, neck, hands or arms, the division or commission may allow such additional sum . . . as it may deem just . . . [which] shall not exceed forty weeks of compensation." Employer asserts as a matter of law that the loss of a tooth is not a permanent disfigurement. Certainly, there is no question that the lack of a tooth is permanent; the question is whether the loss is disfiguring. To the extent that it is a question of law, the regulations which have the force of law have determined that the loss of a tooth is disfiguring. 8 CSR 50-5.010(2) (2014) ("In addition to all other compensation, loss of front teeth only shall be rated as

3

disfigurement in an amount sufficient to cover the reasonable cost of artificial teeth.") To the extent it is a question of fact, we defer to the Commission's factual determination that Employee was disfigured by the loss of the tooth. We find no error in the Commission's finding of disfigurement.

Likewise, we find no error in the refusal of the Commission to award disfigurement in addition to future medical expenses. Employee argues that he will need several replacement crowns over the years. That is supported by the evidence and Employee was awarded future medical care for the replacement crowns. Employee, however, argues that he should have been awarded disfigurement each time the crown is replaced. As the Commission found, "Claimant asserts that he will be entitled to additional disfigurement in the event replacement dental devises [sic] are required as future medical benefits. Claimant has provided no basis in law for that assertion. I order disfigurement only to the extent of the past medical provided as set out above."

It was for the Commission to determine the amount of disfigurement that it deemed just. The regulation cited by Employee, 8 CSR 50-5.010(2) (2014), only provides that in addition to all other compensation, loss of front teeth only shall be rated as disfigurement in an amount sufficient to cover the reasonable cost of artificial teeth. The Commission followed the regulation and awarded an additional amount as disfigurement; however, neither the regulation nor the statute addresses a claim of future disfigurement. The Commission did not err in refusing to award such future disfigurement or implicitly finding that Employee was only disfigured when he lost his front tooth and not when he had replacement crowns. Employee's point is also denied.

The judgment is affirmed.

4

Nancy Steffen Rahmeyer, P.J. – Opinion Author

Jeffrey W. Bates, J. – Concurs

William W. Francis, Jr., C.J. – Concurs